IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| James Powell, | ) Civil Action No.: 7:08-30-RBH-BHH |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| ZF Lemforder Corporation | ) |
| Defendant. | ) |

This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 37(b)(2)(A) and 41(b) [Doc. 48] and the plaintiff's motion for voluntary dismissal, pursuant to Federal Rule of Civil Procedure 41(a) [Doc. 59]. The defendant complains that the plaintiff has chronically violated this Court's prior order in his refusal to produce certain discovery and otherwise participate in this case. The defendant argues that the plaintiff's actions warrant dismissal *with prejudice*. The defendant opposes the plaintiff's request to voluntarily dismiss his case *without prejudice*.

There can be no real dispute as to the defendant's version of the facts or as to the reasonableness of its request for dismissal. The plaintiff has been nothing but an obstacle to the development and prosecution of his own case. His actions, including unavailability and lack of cooperation, in fact, necessitated the withdrawal of the attorney which he originally retained. [Doc. 18.]

The plaintiff was given multiple opportunities to retain counsel thereafter but failed to ever do so. The Court, therefore, treated the plaintiff as proceeding *pro se* [Doc. 38] and entered a specialized case management order, on November 5, 2008. [Doc. 46.] That Order required the plaintiff to answer special interrogatories within 15 days of the date of the Order. *Id*. Other events in the management order were predicated on the plaintiff's service of those answers. To this date, the plaintiff has not made any response.

As a result, the defendant filed this motion to dismiss. Characteristically, the plaintiff made no response. The Court, therefore, entered an Order indicating that a continued failure to respond to the motion might result in dismissal of his case. [Doc. 54.] Instead of filing a response, however, the plaintiff filed a motion for voluntary dismissal pleading with the Court that his claims be dismissed *without prejudice* as opposed to *with*. [Doc. 59.]

As the defendant represents, Under Rule 37, a court must consider four factors in deciding whether the sanction of dismissal for disregard of a discovery order is warranted. *See Mutual Federal Savings & Loan v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989); *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503-04 (4th Cir. 1977); *Reaves v. South Carolina*, 2007 WL 4793368 at *4 (D.S.C. Nov. 14, 2007). Factors to be considered in determining whether dismissal is an appropriate sanction are (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice the non-compliance caused the adversary, which necessarily includes an inquiry into the materiality of the evidence that was not produced; (3) the need for deterrence of the particular sort of non-compliance; and (4) the effectiveness of less drastic sanctions. *See Mutual Federal*, 872 F.2d at 92; *Wilson,* 561 F.2d at 503-04; *Reaves,* 2007 WL 4793368 at *4.

Dismissal under Rule 41 involves a similar analysis for failure to prosecute and/or failure to comply with an order of the court. *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). These factors include (1) the degree of the plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiff in proceeding in a dilatory; and (4) the existence of less drastic sanctions other than dismissal. *See Ballard*, 882 F.2d at 95; *Davis*, 588 F.2d at 70.

The Court would first say that the specific basis for the motion to dismiss is not

substantially severe. In other words, the plaintiff's failure to provide answers to the special interrogatories, while unacceptable, is not deplorable conduct involving intentionality or bad faith. Moreover, as of the time of the defendant's motion, the delay had only been about a month and a half. [See Doc. 46.] The Court had not sent a second order, at that time, demanding compliance with the case management order, which the plaintiff had ignored.

In context, however, the plaintiff's failure to serve answers, and his ostensible and continuing failure to do so, is only one part of a larger story of noncompliance. As stated, the plaintiff failed to comply with an Order, issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), wherein he was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately to the defendant's present motion to dismiss. [Doc. 53, 54.] He also failed to comply with the notice of hearing, in regards to withdrawal of his counsel, by not showing for scheduled court. [See Doc. 13, 14, 17, 18, 22 .] And, as stated, the record indicates that he was non-cooperative in his attorney's attempts to prosecute his case from the beginning. *See id.*

All of this has certainly amounted to some prejudice to the defendant. Not the least of which is the time and money expended to resolve and litigate a matter, over which the plaintiff himself has exhibited very little interest. But, the prejudice is not of the ultimate kind. Although, in calendar days, the case is old, in terms of procedural stage, it is not far along. No discovery has been engaged. No substantial dispositive motions have been prepared. No trial preparation has been due.

Moreover, lesser sanctions have never been explored. The Court has not imposed financial penalties or removed available legal tools, like the plaintiff's ability to object in discovery. Non-compliance with the Court's orders is a serious offense, which the Court always seeks to deter. But the Court is not prepared to characterize the present

circumstances as behavior of the most serious kind although the plaintiff has been utterly absent from the case. Dismissal would be well within the Court's discretion at this stage.

The Court, however, is not inclined to recommend that the defendant's motion to dismiss be granted. This would be the Court's view even had the plaintiff not requested a voluntary dismissal. The undersigned rarely so recommends, so long as the plaintiff is making some appearance in the case.

But because the plaintiff has requested a voluntary dismissal and because, procedurally speaking, the case is still fairly early in its development, the Court will recommend dismissal without prejudice. "In deciding a Rule 41(a) motion, a district court should consider factors such as the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for voluntary dismissal, as well as the present stage of litigation." *Miller v. Terramite Corp.*, 114 Fed. Appx. 536, 539 (4th Cir. 2004). Again, these factors tend to weigh in favor of the defendant's position that voluntary dismissal should not be permitted. The delay and lack of diligence is somewhere between moderate to severe, when the entire story of the case is taken together. The defendant has suffered some prejudice and expense. And, the plaintiff has hardly efforted to give an excuse, much less a sufficient and persuasive one, for the delay.

As stated, however, the Court is always hesitant to permanently prejudice the legal rights or claims of a litigant, who participates to some degree, even if ever so slight, in the case. Here, the plaintiff has made periodic appearances, including the most recent, requesting dismissal.

It is not a satisfactory outcome for the defendant, certainly. And, had the case been

any more advanced than it is, the Court would have likely declined to grant the request for voluntary dismissal (although likely still declining the request for dismissal with prejudice). But, the plaintiff is *pro se,* and the Court will not lightly terminate his rights in whatever colorable claim he may have against the defendant, if any.

The plaintiff should be aware, however, that his participation in this case has been unacceptable and worthy of sanctions. Any future attempts to litigate his claims, whatever those may be, should be accompanied by more diligent adherence to the strictures and requirements of federal court.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss [Doc. 48] be DENIED. It is further ORDERED that the plaintiff's motion for voluntary dismissal [Doc. 59] should be GRANTED and the case dismissed *without prejudice*.

IT IS SO RECOMMENDED.

                                             s/Bruce H. Hendricks
                                             United States Magistrate Judge

July 17, 2009
Greenville, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).